**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CHARLIE C. DANZY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION 09-00836-KD-B** |
| | ) | |
| **STATE OF ALABAMA, DEPARTMENT** | ) | |
| **OF HUMAN RESOURCES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

This case is before the Court on Defendants State of Alabama and the Department of Human Resource's Motion to Dismiss (Doc. 6) Defendants' motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Based upon a careful review of the Defendants' motion and supporting memorandum, and Plaintiff's brief in opposition, the undersigned RECOMMENDS that Defendants' Motion be granted.

Plaintiff Charlie C. Danzy, proceeding pro se, filed the instant action on December 30, 2009. (Doc. 1). As a preliminary matter, the undersigned observes that Plaintiff's Complaint is not the model of clarity. In the caption of his Complaint, Plaintiff lists as Defendants, the State of Alabama and the Alabama Department of Human Resources (hereinafter "DHR") (Doc. 1)[1]. As best the Court

---

[1]In the body of his Complaint, Plaintiff has listed as parties, "Nancy Buckner", "District Attorney for the Department of Human Resources", and "Jennifer M. Bush, Assistant Attorney General for the Department of Human Resources". There is no indication that either Ms. Buckner or Ms. Bush was properly

1

can discern, Plaintiff essentially argues that the State of Alabama and DHR have engaged in fraud in connection with their attempts to force Plaintiff to make child support payments which Plaintiff contends he is not obligated to make. Plaintiff alleges violations of the First, Fourth, Ninth and Fourteenth amendments, and violations of 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and 18 U.S.C. § 1961 and the Child Support Enforcement Amendments of 1984.

The Eleventh Amendment bars suit in federal court against a state except where such immunity is waived by the state or is abrogated by Congress. Manders v. Lee, 338 F. 3d 1304, 1308 (11th Cir. 2003). A State may consent to federal jurisdiction, but this waiver of sovereign immunity must be expressly done. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 239-240, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985). Such immunity extends to agencies of the State. "[A] suit in which the State or one of its agencies or departments is named as defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 908, 79 L. Ed. 2d 67 (1984); Kid's Care,

---

served nor does the Complaint contain any allegations regarding any action these individuals are alleged to have taken, or failed to take; thus, they have not been properly added as defendants in this action. In addition, the law is clear that a prosecutor is entitled to absolute prosecutorial immunity from damages in a § 1983 action for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case. Imbler v. Pachtman, 424 U.S. 409, 430-31, 96 S.Ct. 984, 995, 47 L. Ed. 2d 128 (1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985); Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir. 1984).

<u>Inc. v. Ala. Dep't of Human Res.</u>, 2001 U.S. Dist. LEXIS 26102 (M.D. Ala. June 14, 2001) (holding that the Eleventh amendment bars claims against DHR because DHR is a State agency).

The State of Alabama has not waived its Eleventh Amendment immunity, nor has Congress abrogated that immunity in § 1983, § 1985, §1986, §1988 cases, or cases alleging violations of the First, Fourth or Fourteenth amendments. <u>Alyshah v. Georgia</u>, 239 Fed. Appx. 473 (11th Cir. 2007) (plaintiff's claims against the state which alleged violations of 42 U.S.C. § 1983, 1986, and 1988 and the First, Fifth and Fourteenth amendments were barred by Eleventh Amendment immunity); <u>Cross v. State of Alabama</u>, 49 F.3d 1490, 1502 (11th Cir. 1995); <u>Carr v. City of</u> <u>Florence</u>, 916 F.2d 1521, 1524 (11th Cir. 1990); <u>Free v. Granger</u>, 887 F.2d 1552, 1557 (11th Cir. 1989); Alabama Constitution of 1901, Article 1, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity."); <u>Fincher v. State of Florida Dept. of Labor and Employment Security-Unemployment Appeals Commission</u>, 798 F.2d 1371, 1372 (11th Cir. 1986)("We find no express congressional abrogation of the state's Eleventh Amendment immunity with respect to 42 U.S.C. § 1985 actions.")  In this case, Plaintiff has proffered no evidence that the State of Alabama has agreed to be sued under the circumstances presented by this case, or that Congress had abrogated the State's Eleventh Amendment immunity with respect to the issues raised in the instant action. Accordingly, the undersigned finds that Plaintiff's

claims against the State of Alabama and DHR are barred by the Eleventh Amendment.

Moreover, to the extent Plaintiff seeks review of the child support orders entered by the state courts, this court does not have jurisdiction to review his claims. It is well established that federal district courts exercise only original jurisdiction; they lack appellate jurisdiction to review state court decisions reached in administrative and judicial proceedings. District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311-12, 75 L. Ed. 2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923). Under the "Rooker-Feldman doctrine," federal courts lack subject-matter jurisdiction over certain matters related to previous state court litigation. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001). "The doctrine applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are 'inextricably intertwined' with the state court's judgment." Powell v. Powell, 80 F.3d 464, 466 (11th Cir. 1996).

The Rooker-Feldman doctrine bars lower federal court jurisdiction where four criteria are met: (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court

4

proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment. <u>Storck v. City of Coral Springs</u>, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003) (citation omitted). "A federal claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" <u>Siegel v. LePore</u>, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) (citation omitted).

In <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 125 S. Ct. 1517, 1521-22, 161 L. Ed. 2d 454 (2005), the Supreme Court clarified that "[t]he Rooker-Feldman doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

In the instant case, Plaintiff was the state court "loser," and he is complaining about state court child support orders which were rendered against him years before the instant action was commenced. Plaintiff does not allege any facts that suggest that he did not have a reasonable opportunity to raise his constitutional claims in state court. In this action, he is seeking to have this Court review and reject the state courts' child support decisions.

Plaintiff's instant action is inextricably intertwined with the state court judgments, and must therefore be dismissed for lack of jurisdiction under the Rooker-Feldman doctrine. <u>See</u> <u>Redford v. Gwinnett County Judicial Circuit</u>, 350 Fed. Appx. 341 (11th Cir. 2009)(plaintiff's actions which sought to overturn state court child support decisions was barred by the Rooker-Feldman doctrine.)

To the extent Plaintiff seeks injunctive relief, his claim is also subject to dismissal on Younger abstention grounds. In <u>Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Supreme Court "reaffirmed the 'basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.'" <u>O'Shea v. Littleton,</u> 414 U.S. 488, 499, 94 S. Ct. 669, 677-78, 38 L. Ed. 2d 674 (1974) (quoting Younger, 401 U.S. at 43-44). In determining whether abstention under <u>Younger</u> is warranted, a court must consider three factors: (1) whether there is an ongoing state judicial proceeding, (2) whether the proceeding implicates important state interests, and (3) whether there is an adequate opportunity to raise constitutional challenges in the state proceeding. <u>See</u> <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982).

Plaintiff has not satisfied the Middlesex factors. First of all, while the specific nature of Plaintiff's request for injunctive

relief is not clear, the undersigned finds that to the extent Plaintiff is seeking to have his child support withholdings halted, it is hard to imagine how such injunctive relief would not interfere with the state proceedings; thus, the first Middlesex factor is satisfied. Second, the State of Alabama clearly has an important interest in child support proceedings. See Kulko v. Superior Court of California in and for City and County of San Francisco, 436 U.S. 84, 100, 98 S. Ct. 1690, 56 L. Ed. 2d 132 (1978) (the State has substantial interests in protecting resident children and facilitating child support actions on behalf of those children); see also Adams v. State of Fla., 185 Fed. Appx. 816, 817 (11th Cir. 2006) (unpublished) (ability to collect child support payments is an important state interest). Thus, the second Middlesex factor is satisfied. As for the third and final factor, whether Plaintiff has an avenue to raise his constitutional claims in the state proceeding, Plaintiff has the burden of establishing that the state proceedings do not provide an adequate remedy for his constitutional claims. See 31 Foster Children v. Bush, 329 F.3d 1255, 1279 (11th Cir. 2003). "Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights." Middlesex, 457 U.S. at 431. A federal court "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15, 107 S. Ct.

7

1519, 95 L. Ed. 2d 1 (1987). Plaintiff must overcome this initial presumption by demonstrating that the state remedies are inadequate. 31 Foster Children, 329 F.3d at 1279. Plaintiff has not alleged, let alone demonstrated, that the state court proceeding does not provide him with an opportunity to raise his claims. Thus, the final Middlesex factor is satisfied. Accordingly, Plaintiff's claim for injunctive relief should be dismissed under the Younger doctrine.

Before recommending dismissal however, the undersigned observes that ordinarily a pro se plaintiff should be given at least one opportunity to amend his deficient complaint before dismissal unless any amendment would be futile. See Williams v. Quality Filters, Inc., 2007 U.S. Dist. LEXIS 87411 (S.D. Ala. Nov. 27, 2007)(court dismissed pro se action without prejudice rather than affording plaintiff leave to amend after determining that "any attempt by [plaintiff] to replead her Complaint would be futile because of the glaring legal defects.")(citing Sibley v. Lando, 437 F.3d 1067, 1073 (11th Cir. 2005); O'Halloran v. First Union Nat. Bank of Florida, 350 F.3d 1197, 1206 (11th Cir. 2003). As noted supra, Plaintiff's Complaint against the State of Alabama and DHR contains several legal defects, and it is evident that any attempt by him to replead his claims against these two entities would be futile. Accordingly, the undersigned finds that Plaintiff should not be granted leave to replead his claims against these two entities.

For the reasons discussed herein, the undersigned RECOMMENDS that Defendants' Motions to granted, and that Plaintiff's Complaint be dismissed without prejudice.

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this the **26th** day of **April, 2010.**

                    **/s/ Sonja F. Bivins**
            **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS**
**AND RESPONSIBILITIES FOLLOWING RECOMMENDATION**
**AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[2]The Court's Local Rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.   Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                    **/s/ SONJA F. BIVINS**
            **UNITED STATES MAGISTRATE JUDGE**