# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHARLIE C. DANZY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 09-0836-KD-B |
| | ) |
| STATE OF ALABAMA, DEPARTMENT | ) |
| OF HUMAN RESOURCES, | ) |
| | ) |
| Defendants | ) |

## ORDER

This action is before the Court on plaintiff Charlie C. Danzy's motion for reconsideration of the order adopting the report and recommendation and judgment closing this action (docs. 21, 22, 23). Upon consideration and for the reasons set forth herein, the motion to reconsider is **DENIED.**

The decision to grant or deny a motion to reconsider is left to the discretion of the trial court. Chapman v. AI Transport, 229 F.3d 1012, 1023-24 (11th Cir.2000) (en banc). "In the interest of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." Gougler v. Sirius Products, Inc., 370 F. Supp.2d 1185, 1189 (S.D. Ala. 2005) (citation omitted). Generally, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." Summit Medical Center of Alabama, Inc. v. Riley, 284 F. Supp.2d 1350, 1355 (M.D. Ala. 2003). Also, "[m]otions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgement was issued." Sanderlin v. Seminole Tribe of Florida, 243 F.3d 1282, 1292 (11th Cir. 2001) (citations omitted).

Review of the motion to reconsider indicates that Danzy does not raise any new argument based on an intervening change in controlling law nor does he present any new evidence. Giving Danzy's motion to reconsider the liberal construction due to *pro se* motions, Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir.2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed") (quotations omitted), cert. denied, 549 U.S. 1323, 127 S.Ct. 1908 (2007), the Court construes the motion to reconsider as based upon the need to correct clear error or manifest injustice.

In that regard, the Court has reviewed the motion to reconsider, the order adopting the report and recommendation, and the report and recommendation and finds that there is no clear error or manifest injustice resulting from its decision. Danzy argues that because the court converted the State's motion to dismiss to a motion for summary judgment and then, granted the State of Alabama's motion for summary judgment, Magistrate Judge Bivins and the undersigned conspired to protect the State from Danzy's claims. This argument is without merit. The Court has discretion to construe the pleadings on its docket and convert a motion to dismiss to a motion for summary judgment. See Christy v. Sheriff of Palm Beach County, Fla., 288 Fed.Appx. 658, 664 (11th Cir. 2008).

Danzy also argues that the Court erred by finding that the State had not waived immunity under the 11th Amendment to the United States Constitution. Danzy cites to Code of Alabama § 6-5-1(c) (1975). However, that section applies to actions commenced **by** the State and not to actions commenced **against** the State, such as in the action now before the Court.

Danzy also argues that the Rooker-Feldman doctrine does not apply because the parties in this action are Danzy and the State but the parties in the state court action were "Danzy v.

2

Danzy". However, despite Danzy's analysis of the elements of the doctrine, Magistrate Judge Bivins also explained that the action now before the Court - Danzy v. State of Alabama - is "inextricably intertwined with the state court judgments" and that an action in federal court is "inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it'" (doc. 19, p. 5-6).

**DONE** and **ORDERED** this 17th day of June, 2010.

<u>s / Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**